**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEONARD HECKMAN<br><br>                              Plaintiff,<br><br>vs.<br><br><br>ELVIRA P. TOLENTINO<br><br>                              Defendant. | Civil Action No.: 12-3721<br><br><br><br>**ORDER** |

This matter comes before the Court by way of Plaintiff Leonard Heckman's ("Plaintiff")'s motion for default judgment [CM/ECF No. 10] against Defendant Elvira Tolentino ("Tolentino" or "Defendant") and a cross-motion by Defendant to vacate the entry of default and seek leave to file an untimely Answer [CM/ECF No. 11]. The Court has considered the Parties' submissions without oral argument pursuant to Federal Rule of Civil Procedure 78, and finds as follows:

1. This case arises out of a motorcycle accident that occurred on June 23, 2010 in Jefferson Township, New Jersey. Plaintiff alleges that as he was riding his motorcycle along Route 15 South, Defendant rear-ended him with her motor vehicle and caused him to suffer injuries as a result. (Compl. ¶¶ 6-7.) Plaintiff commenced the instant litigation on June 19, 2012. [CM/ECF No. 1].

2. Defendant Tolentino was served with a copy of the summons and Complaint on July 6, 2012. [CM/ECF No. 5].

3. The time for answering the Complaint has expired. Defendant has not been granted an extension of time within which to answer, and has failed to file an answer or otherwise respond to the Complaint.

4. The Clerk of the Court made an entry of default as to Defendant Tolentino on August 7, 2012.

1

5. Service of a copy of the summons and Complaint was made upon Defendant Tolentino on July 6, 2012. [CM/ECF No. 5].

6. By Letter Order dated August 10, 2012, the Court directed Plaintiff to "move this action by requesting that default judgment be entered or submitting an extension to answer out of time." [CM/ECF No. 8].

7. In compliance with this Court's Letter Order, Plaintiff filed a motion for default judgment on August 14, 2012. [CM/ECF No. 10].

8. On August 20, 2012, Defendant filed a cross-motion to vacate the entry of default, and sought leave to file an untimely answer. [CM/ECF No. 11]. Defendant's counsel has certified that "[d]ue to clerical error on behalf of [Defendant's insurer], the complaint was not forwarded to defense counsel in a timely manner." (Cert. in Support of Mot. to Vacate Default, ¶ 7.) Furthermore, Defendant's counsel has certified that "Plaintiff's counsel has provided his consent to the entry of an Order Vacating the August 7, 2012 Default against Defendant, Elvira P. Tolentino." (*Id.*, ¶ 8.)

9. A court should consider the following factors in determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether the defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

10. Here, Plaintiff has not filed any opposition to Defendant's motion to vacate default and answer out of time, and thus has not shown that any prejudice will result if default is denied. Additionally, Defendant has submitted a proposed Answer to the Court evidencing Defendant's ability to present a meritorious defense to the allegations in the Complaint. Finally, Defendant's delay does not result from her culpable conduct, but from a clerical error on the part of her insurer.

Accordingly, **IT IS** on this 12 day of September, 2012,

**ORDERED** that Plaintiff's motion for default judgment [CM/ECF No. 10] is DENIED; and it is further

**ORDERED** that Defendant's motion to vacate the entry of default and for leave to file an untimely answer [CM/ECF No. 11] is GRANTED. Defendant may file a response to the Complaint within thirty (30) days of entry of this Order.

**SO ORDERED.**

Jose L. Linares
United States District Judge

2